CITIZENS SAVINGS BANK, Appellant, *v.* VINCENZO LO CICERO and GREGORIO LO CICERO, Respondents, Impleaded with Others, Defendants.

First Department, November 22, 1940.

*C. De Witt Rogers,* for the appellant.

*Joseph La Gattuta* of counsel [*Anthony La Gattuta,* attorney], for the respondents.

GLENNON, J. Plaintiff instituted this action to foreclose a mortgage in May, 1940. The respondents, owners of the mortgaged premises, made a motion on July first following for the dismissal of the complaint pursuant to section 1077-e of the Civil Practice Act on payment of interest and costs, and asked that plaintiff surrender possession of the property. Plaintiff did not oppose that branch of the motion which asked for a dismissal of the action but asserted its right to retain possession of the premises under the terms of an assignment of rents and a collateral agreement entered into between the parties on July 29, 1937.

It is not disputed that the mortgage became due on November 15, 1934. It must be conceded that the respondents would have been entitled to the benefits of the moratorium statute had not a default in the payment of taxes occurred. However, respondents failed to meet their obligations with the result that the aforesaid assignment of rents and the agreement pertaining thereto were executed. The agreement reads in part as follows: "To have and to hold the same unto the said party of the second part [plaintiff], its successors and assigns, until the said interest due and owing upon the aforesaid mortgage and the bonds which it was given to secure, with accrued interest, shall have been fully paid and discharged, together with all taxes, assessments, water and other charges now or hereafter a lien thereon [the mortgaged premises], and together with any and all other sums of money which may become due and owing according to the terms and provision of said mortgage, * * *."

It is argued on the part of the respondents that the phrase, "may become due," indicates that the parties had no intention to provide for the payment of the principal sum of the mortgage but rather referred to future amounts which might become due. With this contention we cannot agree. The language adopted is broad enough to cover the entire mortgage debt. Consequently, the only way in which respondents may regain possession is to pay the principal amount of the mortgage.

The position of the respondents is not strengthened by virtue of the provisions of the moratorium statute. (*Siegel* v. *Atterbury*, 254 App. Div. 514; affd., 279 N. Y. 767.) Furthermore, there is nothing in section 1077-e which gives the respondents the right to have the question of the assignments of rents disposed of in the manner in which it was.

The order, therefore, so far as appealed from, should be modified, by striking the following provision from the last paragraph thereof: "and that possession of premises 321 East Ninth Street, Borough of Manhattan, City of New York, be restored to defendants, Vincenzo Lo Cicero and Gregorio Lo Cicero;" and as so modified the order should be affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; UNTERMYER, J., concurs in result.

Ordered accordingly.